OWEN LEE, *et al.*, v. S. A. BROWN AND C. B. SHAW, *Partners as Brown & Co.*

1. PRINCIPAL AND SURETY; *Admissions of Principal after Breach of Bond, Not Admissible against Surety.* In an action against the principal and surety on a joint and several obligation, an admission or declaration of the principal, after there has been a breach of the contract on which the surety is liable, is not admissible against the surety, as a recovery may be had in the action against the principal alone, or against both.

2. ———— Where L. was to act as agent of B. & Co., to sell goods and merchandise placed by them in his possession, and H., J. & C. signed a written obligation with L. *conditioned* that if L. should well and truly do all things in and about the management of the said business, honorably and faithfully, and account for all the goods and merchandise delivered to him, and return the goods and merchandise to B. & Co. when demanded, and pay all differences, should any occur, with twelve per cent. interest from the time of demand, the said obligation to be void, and thereafter, in an action against L. and his sureties upon said undertaking, the trial court admitted the declarations of L. concerning his disposition of property and indebtedness to B. & Co. after the property had been sold and the proceeds converted by L. to his own use, and after repeated demands, *held*, error, as such subsequent declarations had no direct connection with his preceding acts so as to bind his sureties.

*Error from Allen District Court.*

IN March, 1876, the defendants in error commenced their action against the plaintiffs in error to recover $2,357.85 against *Lee*, as principal, and the other plaintiffs in error, as sureties, upon the following written undertaking:

*Know all men by these presents*, That we, Owen Lee, of Fredonia, Wilson county, Kansas, as principal, and Owen Lee, John H. Craig, C. B. Jackson, and H. S. Hough, as sureties, are held and firmly bound unto S. A. Brown & Co.,

of Humboldt, Allen county, Kansas, in the penal sum of twenty-five hundred dollars, lawful money of the United States, for the payment of which we bind ourselves, our heirs, administrators, and assigns, jointly, severally and firmly by these presents, signed and sealed this the 30th day of January, 1875.

The condition of the above obligation is such that, whereas the said S. A. Brown & Co. propose to open a lumber yard and a general mercantile store in the said city of Fredonia, Wilson county, Kansas, and whereas the same is to be placed under the care and control of the said Owen Lee, who is to act as the agent in making the sales of said lumber, merchandise, goods or chattels for the said S. A. Brown & Co; all purchases of stock reserved, and to be made by the said S. A. Brown & Co., and said business to be conducted according to their orders:

Now, if the said Owen Lee shall well and truly do all things in and about the management of said business, honorably and faithfully, and account for all merchandise, goods and chattels so delivered to him as aforesaid, and return said goods and chattels to the said S. A. Brown & Co. when demanded so to do, and pay any and all differences, should any occur, together with twelve per cent. interest thereon from the time of demand thereof until paid, then this obligation to be void; otherwise, to be and remain in full force and effect.

In witness whereof, we have subscribed our hands and seals, this the 30th day of January, 1875.

OWEN LEE.          [Seal.]
JOHN H. CRAIG.   [Seal.]
C. B. JACKSON.    [Seal.]
H. S. HOUGH.      [Seal.]

The breach alleged was, that said Lee failed to account for the goods and merchandise placed under his care and control by Brown & Co., and failed to return the merchandise on demand, and refused to pay the difference which occurred, together with twelve per cent. interest. Verdict and judgment were rendered for $1,600, in favor of the plaintiffs, Brown & Co., against all of the defendants in the court below, at the March Term, 1877, of the district court. To reverse this judgment, the plaintiffs in error bring the case here for review.

*S. S. Kirkpatrick,* and *C. C. Chase,* for plaintiffs in error, contended, among other things, that the declarations of the principal concerning his disposition of property and indebtedness to defendants in error, after he had sold the property, converted the proceeds thereof to his own use, and made a settlement with the defendants in error, ought not to have been admitted in evidence to bind the sureties, citing, 1 Greenl. Ev., §§ 187, 110; *Stetson v. Bank of New Orleans,* 2 Ohio St. 167.

*Cates & Keplinger,* for defendants in error, maintained, among other matters, that the case ruled on in 2 Ohio St. 167, is not applicable to the present case, and that in the case at bar, the breach consisted in the failure to pay on demand. In an action against a surety for money advanced, the acknowledgment of the debtor that he received the money, may be given in evidence to bind the surety. (*Ingle v. Collard,* 1 Cranch C. Ct. 134.) In a joint action against a cashier and his sureties, the admission of the cashier is admissible against sureties. *Amherst Bank v. Root,* 2 Metc. (Mass.) 522; 11 Ind. 393; *Drummond v. Prestman,* 12 Wheat. 515.

The opinion of the court was delivered by

HORTON, C. J.: The first claim of the plaintiffs in error is, that the admission of Lee and the settlement had with him on November 24th, 1875, were not legal evidence against the sureties, and were improperly received as competent to establish the demand of Brown & Co. against all of the plaintiffs in error. The general rule is, that if the declarations of the principal were made during the transaction of the business for which the party was bound, so as to become part of the *res gestæ,* they are admissible against the surety, otherwise not; and that all declarations of the principal made subsequently should be excluded, by analogy to the case of agency. (Greenleaf on Ev., 12th ed., vol. 1, § 187,

p. 215; Brandt on Suretyship and Guaranty, § 518; *Stetson v. Bank of New Orleans*, 2 Ohio St. 167.)

The question therefore arises, whether these admissions and the settlement were made in the progress of any business intrusted to Lee, so as to become part of the *res gestæ.* The evidence showed that after the date of the written undertaking sued on, Brown & Co. opened a lumber and furniture store in Fredonia, Wilson county; that Lee was placed in charge, as their agent; that on November 24th, 1875, Brown & Co. learned that Lee had sold out all the lumber and furniture furnished him by B. & Co. and had paid but little money to the firm; that on said 24th of November, Lee admitted to a member of said firm that all the furniture he had received of them was gone, and that thereupon a settlement was had between the firm of B. & Co. and Lee, which was put in writing and signed by both parties, to the effect that there was due from Lee to the firm $2,357.85.

This admission and settlement were after the default of Lee. These matters referred to past occurrences; they had no connection with the acts to which they related, except as a narrative or admission of what Lee had done at dates prior thereto, and ought not to have been received as evidence so as to bind his sureties; for it was the acts of Lee, and not his admissions or declarations, for which his sureties were bound.

Counsel for defendants in error attempt to avoid this conclusion as applicable in the case at bar, by the argument that the admissions sought to be introduced occurred before the breach of the bond. The evidence is the other way. The goods and merchandise of Brown & Co. were all disposed of prior to Nov. 24th, and before said date they had many times demanded their return. This had been refused, and Lee had failed to pay the differences which had already occurred. It seems that, instead of acting honorably and faithfully with his principals, he had used their money to buy furniture in St. Louis and Kansas City. All of this was before his admissions and the written settlement. These

declarations were after the breach, and no part of the *res gestæ.*

The same counsel cite several cases to the effect that the general rule stated by us concerning the non-admissibility of the declarations of a principal, does not control here, as the action against the plaintiffs in error (defendants below) was against them jointly, and on a joint bond. These authorities do not apply, as they are all based upon the theory that if the plaintiffs below failed against one of the defendants, they must have failed entirely in their action, and if they recovered against one, they must have recovered against all. The bond was several, as well as joint, and evidence competent against Lee would not necessarily be competent and admissible against his sureties. The plaintiffs below could · have recovered against Lee, and yet failed in their claim against the sureties.

The judgment against Lee will be affirmed, and reversed as to the sureties, Messrs. Hough, Jackson, and Craig. The case will be remanded for a new trial as to the latter parties.

All the Justices concurring.