# Wilson Nickols, Appellant, *v.* William Jones.

*Rent—Set-off—Tender.*

In an action to recover a balance of rent, defendant testified that he tendered to plaintiff the amount of rent due, less a certain sum which he claimed as a set-off for work done for plaintiff. Defendant stated that at the time he made the tender he claimed the set-off. Plaintiff agreed to take the money and give a receipt on account. This was refused by defendant. *Held*, that the tender was sufficient, and that defendant was not liable to pay interest on the amount of rent which he admitted to be due.

A tenant who has done work for his landlord may set off the value of the work against the rent, even if there is no special agreement that the value of the work should be deducted from the rent.

Argued Feb. 13, 1895.    Appeal, No. 190, Jan. T., 1895, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1893, No. 157, on verdict for defendant.    Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Assumpsit for rent.   Before WADDELL, P. J.

At the trial it appeared that on April 1, 1893, an installment of rent amounting to $62.50 was due on premises leased by defendant to plaintiff.   Defendant claimed to set off against the rent due $11.60, being the value of certain work which he had done for plaintiff.   The evidence failed to disclose that there was any agreement one way or the other as to whether the value of the work should be deducted from the rent.

The court charged in part as follows :

" Now does Mr. Chandler owe that $11.60 ?   He says he does not.   That he has virtually paid it; that he has done work for these people, Mrs. Nickols or Mr. Nickols, with Mrs. Nickols's consent, which amounted to $11.60, and he asks that it shall be set off against the rent which is claimed to be due from him to her.   [Now, we say to you, that if Mrs. Nickols does owe Mr. Chandler for work done, then he is entitled to set it off against this rent.]   [4]   In the opinion of the court it does not require an agreement thus to pay on the part of Mr. Chandler or Mr. Jones; either may use the amount due as a set-off.

You will say whether this plaintiff is entitled to have interest on the $50.90, which was paid June 14th.   As is claimed here, that $50.90 was due on the first of April, 1893, but it was not paid until the 14th of June.   You will see that is about two months and a half of time after it was due.   As I have said to you, the right of the plaintiff to claim the interest and have it allowed, will depend upon whether or not Mr. Chandler, as the tenant here, offered to pay this rent at the time it was due, to wit : on or before the first of April, 1893. Now if this offer to pay that rent was made at that time, and was clothed with any conditions, then it would not amount to a tender.   But if he offered to pay $50.90 and claimed that they should allow him $11.60 for work, in the opinion of the court, that does not amount to any condition.   I do not understand that it is claimed here that he offered to pay the amount due, if this lady would receipt to him in full.   If this offer was coupled with a demand of that kind it would be a condition which he would have no right to make ; it would not amount to a tender, but you will say whether this was the transaction between the parties on the first of April.   As I remember the

testimony, Mr. Chandler came there and said he had come to pay the rent which he owed, and Mrs. Nickols said that was all right; he then said I have $50.90 and you owe me $11.60 and I am ready to settle. She said in answer to that that her husband had advised her not to take the money unless she took it all, but she would give him a receipt for $50.90, if he chose to take that; she would take that amount, and would give him a receipt on account. Now if that was the transaction, you will see it is not clothed with any demand or condition on Mr. Chandler's part. It was an offer on Mrs. Nickols's part to receipt for the amount of money she was receiving; but it was not such a condition as would affect the tender. You will say what the transaction was. I merely refer to this, to illustrate what I mean by accompanying an offer of tender with a condition. If there was a condition, as I have said to you, then it don't amount to a tender; but if there was no condition, and he offered to pay and she refused to accept on account of the amount offered, then it would amount to a tender, and have the effect of a tender, provided it should subsequently be found that the amount offered was all that was due her in money. If the jury should find that all he owed her was $50.90 in money, and that she ought to have allowed the $11.60, which he asked to be allowed, because she owed it to him, then you will see he had offered to do all that he was required to do, and there was no retaining of the money on his part; he was willing to pay $50.90, but she refused to take it because she thought it was not all he owed her; but if it was subsequently found it was all he did owe her, he should not be punished by being made to pay interest on that amount."

Plaintiff's points were as follows:

" 1. Under the evidence in this case the jury must allow the plaintiff interest on at least $50.90 from April 1, 1893, to June 14, 1893, when the judgment was rendered by the justice. *Answer:* I cannot affirm that point; it depends, as I have said to you, upon whether or not there was a legal tender at the time designated; if there was, then the point should not be affirmed; if there was not, then it should be. It would depend upon that question and I cannot, therefore, affirm that point." [1]

" 2. If the jury believe that it was never agreed between the

parties in this case that Chandler's bill of $11.60 for work, etc., was to be treated as payment on account of the rent due on the written lease offered in evidence, such bill cannot be regarded as either payment or set-off, and their verdict must be for the full amount of the plaintiff's claim. *Answer:* I have already disposed of the principle involved in that point in my general charge, and I must disaffirm it." [2]

" 3. If the jury believe that the parties to the lease in suit never agreed that the said bill was to be treated as payment on account of the rent specified in said written lease, then their verdict must be for $11.60, together with interest on said amount from June 14, 1893, to the present time, as well as interest on $62.50 from April 1, 1893, to June 14, 1893. *Answer:* That will depend upon what I have already said to you; I cannot affirm that point in the language in which it is put." [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was (1–4) above instructions, quoting them.

*W. S. Harris,* for appellant, cited: Forest Oil Co's Ap., 118 Pa. 138 ; Lawson on Contracts, 454 ; Seibert v. Kline, 1 Pa. 41 Penn Nat. Bank v. Kopitzch Soap Co., 161 Pa. 134.

*George B. Johnson,* for appellee.

PER CURIAM, March 11, 1895 :

This case depended mainly on questions of fact as to which the testimony was more or less conflicting. It was therefore submitted to the jury, who, by their verdict for defendant, impliedly found all the material issues of fact in his favor. One of them was as to the credit of $11.60 claimed by defendant ; another was his alleged tender of the entire balance of rent due plaintiff, etc. An examination of the record with reference to each of the six specifications has failed to convince us that there is any substantial error in either of the rulings recited therein.

Judgment affirmed.