CAPITAL FIRE INSURANCE COMPANY v. GEORGE H. WATSON and Others.

May 25, 1899.

Nos. 11,555—(96).

**Bond of Insurance Agent—Reports of Business Done—Res Gestae—Evidence.**

In an action on a bond made by W. to the plaintiff insurance company, conditioned for the faithful performance of his duties as its agent, *held,* the reports made by him to the company of business done and moneys received by him as such agent, in the regular course of his business, are a part of the res gestæ, and are admissible in evidence against his sureties.

**Verdict Sustained by Evidence.**

*Held,* on the issues tried, the evidence is conclusively in favor of the verdict ordered for plaintiff.

**Knowledge of Agent's Former Dishonesty—Representations of Company to Bondsmen—Fraud.**

By proposing to take W. for its agent, the plaintiff impliedly represented that, so far as it knew, he was honest, and that it believed him to be so. If, prior thereto, it knew he was dishonest, and had wrongfully converted to his own use moneys received by him as agent of other insurance companies, and it failed to disclose these facts to the sureties on the bond, who were ignorant thereof, it was guilty of fraud which avoids the liability of the sureties.

**Knowledge of Agent's Subsequent Dishonesty—Failure to Inform Bondsmen.**

The employment of W. as agent of plaintiff was during the pleasure of both parties. *Held,* if plaintiff subsequently discovered that W. was dishonest in the course of his service as its agent, and after such discovery it continued him in its service without notifying the sureties of what it had discovered, they are not liable for any losses thereafter arising from his dishonesty.

Action in the district court for Ramsey county to recover $653.41 on a bond executed by defendant Watson as principal and by defendants Haag and Reese as sureties. The case was tried before Willis, J., who directed a verdict in favor of plaintiff for $304.47 as against defendant Watson, and for $279.97 as against defendant sureties. From an order denying a motion for a new trial, defendant Haag appealed. Reversed.

*Charles J. Berryhill,* for appellant.

The reports were inadmissible as against the sureties to show receipt of the premiums. Lancashire Ins. Co. v. Callahan, 68 Minn. 277, 279; White v. German, 56 Tenn. 475; Kellum v. Clark, 97 N. Y. 390; Stetson v. City, 2 Oh. St. 167; Lee v. Brown, 21 Kan. 458. The defense relating to Watson's previous conduct with the Pacific Company constituted a defense. Traders Ins. Co. v. Herber, 67 Minn. 106; 2 Brandt, Sur. § 423; 24 Am. & Eng. Enc. 763; Howe v. Farrington, 82 N. Y. 121, 125. The second defense was good pro tanto. Lancashire Ins. Co. v. Callahan, supra; Manchester F. A. Co. v. Redfield, 69 Minn. 10, 13; Rapp v. Phoenix, 113 Ill. 390; Wilmington v. Ling, 18 So. C. 116; Roberts v. Donovan, 70 Cal. 108, 110; Atlantic v. Barnes, 64 N. Y. 385, 389.

*Clapp & Macartney,* for respondent.

CANTY, J.

On May 8, 1897, the defendant Watson was appointed by the plaintiff insurance company as its agent at St. Paul. To secure the faithful performance of his duties, he as principal, and the other defendants as sureties, executed to plaintiff a bond in the sum of $1,000. The conditions of the bond are, in part, that Watson

"Shall duly and properly account for, pay over, and apply all sums. of money which may be received by him as such agent, whether for premiums of insurance, or with which to pay losses, or upon salvages, collections, or otherwise, * * * and shall keep true and correct books of account, and make regular and correct reports. of the business transacted by him to the said company."

Watson continued to be the agent of plaintiff from May 8 to

August 28, 1897, and this action is brought on the bond to recover a balance claimed to be due from Watson for premiums which it is claimed he collected as such agent. On the trial, the court, ordered a verdict for plaintiff, and from an order denying a new trial the defendant Haag appeals.

1. The court correctly received in evidence the reports made by Watson to plaintiff. They were made in the usual course of business, it was a part of his duty as such agent to make these reports, and they are a part of the res gestæ. See Lancashire Ins. Co. v. Callahan, 68 Minn. 277, 71 N. W. 261.

2. The evidence is conclusively in favor of the verdict ordered by the court, and therefore the court did not err in ordering the verdict. There is nothing in appellant's claim that the bond does not cover insurance premiums collected by Watson which he has failed to pay over.

3. But, in our opinion, the court, on the trial, erred in striking out of the answer two defenses contained therein.

One of these defenses alleged that, at the date of the bond, on May 8, 1897, and for many years prior thereto, Watson was the local agent at St. Paul of the Pacific Fire Insurance Company, a corporation; that his duties as agent for that company were the same or similar to those required of him as the agent of plaintiff; that, as agent for the Pacific Company, large sums of the money of that company were received by him during said time, and that he wrongfully converted all of said money to his own use, without the consent of the Pacific Company, and with intent to deprive it of the same; that, at the date of said bond, "plaintiff had full notice and knowledge of all of the foregoing facts and circumstances, and that this defendant Haag was at all times ignorant thereof," and that if he had known of said facts he would not have executed the bond. It is immaterial whether the dishonesty of Watson was disclosed while he was acting as the agent of plaintiff or the agent of some other insurance company. Plaintiff, by proposing to take Watson for its agent, impliedly represented that, as far as it knew, he was honest, and that it believed him to be so. If, at this time, it knew that he was dishonest, and a defaulter, it perpetrated a fraud on the defendant sureties in failing to disclose to them its

knowledge that he was dishonest and a defaulter. See Traders Ins. Co. v. Herber, 67 Minn. 106, 69 N. W. 701; Lancashire Ins. Co. v. Callahan, 68 Minn. 277, 71 N. W. 261; Manchester F. A. Co. v. Redfield, 69 Minn. 10, 71 N. W. 709.

4. The other defense so stricken out alleges that, by the terms of the contract whereby Watson was so employed as the agent of plaintiff, the agency could be terminated at any time by either party by giving the other party written notice of such termination; that during the month of May, 1897, and after the date of said contract, and again during the month of June of that year, Watson, as the agent of plaintiff, collected premiums, and wrongfully and fraudulently converted the same to his own use, with intent to deprive the plaintiff thereof;

"That this plaintiff did allow and permit said defendant Watson to so appropriate and convert said moneys during said months of May and June, 1897, and each of them, and that said moneys were so appropriated and converted with its connivance and consent, and this plaintiff did wholly fail and neglect to annul said commission and certificate, and did wrongfully and unlawfully hold out to the public and continue in its said agency said defendant Watson, down to August 28, 1897, without the consent or approval of this defendant, and without knowledge by this defendant of such conversion and appropriation."

Under the rule laid down in Lancashire Ins. Co. v. Callahan and Manchester F. A. Co. v. Redfield, supra, these allegations state a defense pro tanto. We find no other error in the record.

For error in striking out said portions of the answer, the order appealed from is reversed, and a new trial granted.