him, unless, which is not probable and is not sustained by his testimony, he saw fit to agree to be bound by the same arrangement without knowing what it was.

It follows, therefore, that the judgment and orders should be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J. [1] I concur in the reversal of this judgment upon the ground that upon the undisputed evidence the defendant received the proceeds of the sale of this butter in a fiduciary capacity, and that the plaintiff was therefore entitled to the direction of a verdict. It was plainly not the intention of the parties that there should be a sale of the butter by the plaintiff to the defendant. He was to receive the butter and sell it at a price that was five cents a pound above the market price of butter of this quality; and it was undoubtedly a part of the agreement that he guaranteed a sale of the butter at a price specified. It was further agreed between the parties that the defendant's commission was to be one-half of the difference between the price at which the butter was invoiced and the price at which the butter was actually sold; but such an agreement was not at all inconsistent with the fact that the substantial transaction was the consignment of the butter by the plaintiff to the defendant to be sold on the plaintiff's account. It was so treated by the defendant in his accounts that he rendered to the plaintiff, and I think that was the legal effect of the arrangement between them. [2] I do not agree that the testimony as to the agreement between the defendant and Waldo, the plaintiff's predecessor in business, was incompetent, for, after Waldo had sold the business to the plaintiff, it was expressly agreed that the defendant would continue to receive butter from the plaintiff upon the same terms that he had been in the habit of receiving it before from Waldo. It was therefore competent to show the conditions under which Waldo and the defendant had done business.

I therefore concur in a reversal of the judgment.

CLARKE, SCOTT, and MILLER, JJ., concur.

---

STROBEL & WILKEN CO. v. WEISEN.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

1. PARTIES (§ 84*)—NONJOINDER—FAILURE TO OBJECT—WAIVER.

Code Civ. Proc. § 488, permits defendant to demur to the complaint for a defect of parties plaintiff or defendant. Section 498 provides that, where the matters enumerated in section 488 as grounds of demurrer do not appear on the face of the complaint, the objection may be taken by answer, and section 499 provides that defendant is deemed to have waived an objection not taken by demurrer or answer. *Held*, that an objection of nonjoinder of defendants was waived where it was not taken by either demurrer or answer.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 145–147; Dec. Dig. § 84.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EVIDENCE (§ 250\*)—ADMISSIONS—PRINCIPAL AND SURETY.
   In an action against the surety on a contract guaranteeing payment of goods furnished another, evidence of admissions made in the surety's absence by the principal after the conclusion of the business between plaintiff and the principal as to the amount due plaintiff was not admissible.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 976–982; Dec. Dig. § 250.\*]

3. EVIDENCE (§ 123\*)—RES GESTÆ—STATEMENTS BY THIRD PERSONS.
   Such admissions were not admissible as res gestæ.
   [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 123.\*]

4. APPEAL AND ERROR (§ 1050\*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—PREJUDICIAL EFFECT.
   Error in admitting evidence in an action on a suretyship contract was prejudicial to defendant where without such evidence there was nothing to show the amount due plaintiff for the goods furnished under the contract.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.\*]

5. APPEAL AND ERROR (§ 280\*)—EXCEPTIONS IN LOWER COURT—EVIDENCE—WAIVER.
   Defendant by moving for a directed verdict at the close of the case did not waive his exception to the admission of evidence so as to preclude him from urging on appeal error in its admission.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1646–1649; Dec. Dig. § 280.\*]

Appeal from Trial Term, New York County.

Action by the Strobel & Wilken Company against Max Weisen. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

E. J. Myers, for appellant.
Frederick Hemley, for respondent.

SCOTT, J. Appeal from a judgment upon a verdict directed in favor of plaintiff, and an order denying motion for a new trial. Defendant was sued upon a guaranty of payment in the following form:

"Philadelphia, Pa., 2/19/1903.
"The Strobel & Wilken Co., New York City.
"Gentlemen: In consideration of your shipping to Mess. Milgraum & Ost, of Philadelphia, the goods ordered by them amounting to about four thousand dollars ($4,000.00), we hereby guarantee to you the payment of same when due.
"Yours truly,　　　　　　　Weisen Bros., per Max Weisen.
"Witness: E. C. Mueller."

The complaint alleges the defendant was a member of the firm of Weisen Bros.

[1] It was urged on the trial, and is now urged on appeal, that this action will not lie against defendant because the guaranty did not purport to be his individual guaranty, but that of the firm, and that there was therefore a nonjoinder of parties defendant, in that all the members of the firm should have been sued. The objection would not be without force if it had been taken in time. But it was not. It is one

---

which should have been taken by answer or demurrer, and, not having. been so taken, is deemed to have been waived. Code Civ. Proc. §§ 488, 498, 499; Seligman v. Friedlander, 199 N. Y. 373, 92 N. E. 1047; Jones v. Gould, 200 N. Y. 18, 92 N. E. 1071.

[2] A more serious objection to the judgment relates to the nature of the evidence permitted to be introduced by plaintiff. The action was for a balance claimed to be due for goods sold to the firm whose account was guaranteed after the deduction of certain payments. In addition to some not very precise evidence as to the delivery of the goods and the partial payments, an employé of the plaintiff was permitted to testify to certain statements and admissions made to him by the principal, in the absence of defendant, respecting the amount due from the firm whose payments were guaranteed. The reception of this evidence was duly objected to, and it was received under defendant's exception. A subsequent motion to strike it out was denied and an exception taken. There can be no doubt that the reception of this evidence constituted error.

[3] The statements made by Milgraum and Ost were not part of the res gestæ, having been made after the conclusion of the business between plaintiffs and the principal debtors. Under such circumstances, admissions and statements by the principal, however formally or specifically made, are not competent proof against the surety. Hatch v. Elkins, 65 N. Y. 489.

[4] It cannot be said that this proof did not influence the verdict, for without it there was no evidence of the amount due.

[5] The respondent urges that appellant waived his exception by moving at the close of the case for the direction of a verdict. This is clearly untenable. By moving for a direction the appellant conceded that upon the evidence, as it stood, there was no question of fact for the jury, but this did not preclude him from insisting upon appeal that the evidence to which he had objected had been improperly admitted.

It follows that the judgment and order appealed from must be reversed and a new trial granted, with costs to appellant to abide the event. All concur.