COOK COUNTY LIQUOR CO. v. BROWN *et al.*

No. 1512.   Opinion Filed March 12, 1912.

(122 Pac. 167.)

**EVIDENCE—Admission of Principal.** Where it is sought to introduce the admission of the principal in a suit against the surety, it should be remembered that the latter is only obligated for the principal's acts and not for his language. If, therefore, it does not appear in this court that the admission constituted part of the res gestae, the ruling of the court below sustaining an objection to such an admission will not be disturbed.

(Syllabus by the Court.)

*Error from Carter County Court;*
*I. R. Mason, Judge.*

Action by the Cook County Liquor Company against H. H. Brown and W. C. Kendall. Judgment for defendants, and plaintiff brings error. Affirmed.

*Sigler & Howard* and *Wm. Pfeiffer,* for plaintiff in error.

*W. F. Bowman* and *Brown & Brown,* for defendants in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, as sureties on the bond of one Whitaker. The plaintiff was seeking to establish the delinquency of the principal by oral statements alleged to have been made by him to a third person, when the only question presented by counsel for plaintiff in error in their brief arose as follows:

"On page 14 of the case-made will be found the following (the witness David Dreeben on the stand): Q. I will ask you to state the admission he (the principal) made at the time on the amount he had collected for you, and which he had failed to account for?"

The defendants objected to this question and the objection was sustained by the court, whereupon both plaintiff and de-

'fendants rested and the court upon motion of defendants' attorneys advised the jury to return a verdict for defendants, which was done. Rule 25 (20 Okla. xii, 95 Pac. viii) of this court provides, in part, that:

"Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony, to the admission or rejection of which he objects, stating specifically his objection thereto."

There may be circumstances under which evidence of the kind sought to be elicited by plaintiff would be admissible, but the rule of the court has not been sufficiently complied with to advise us whether they existed in the case at bar, and we therefore presume that they did not and that the objection to the question was properly sustained. Underhill, in his work on Evidence, sec. 73, states the rule as follows:

"Thus, where it is sought to introduce the admission of the principal in a suit against the surety, it should be remembered that the latter is only obligated for the principal's acts and not for his language. If, therefore, the admission does not constitute a part of the *res gestae,* or, in other words, if it is not a verbal act, then the surety is not bound thereby."

We cannot gather from the excerpt set out in counsel's brief whether the admission sought to be elicited was admissible as part of the *res gestae,* and therefore indulge the presumption that the court below ruled properly upon the question.

The judgment of the court below is affirmed.

TURNER, C. J., and HAYES and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.