BALL–CARDEN CO. et al. v. HUMPHREY et al.

(Court of Civil Appeals of Texas. Dallas. Feb. 25, 1913.)

EVIDENCE (§ 250*)—GUARDIAN AND WARD (§ 92*)—ACTS OF PRINCIPAL DEBTOR—RATIFICATION BY GUARANTOR.

Where the court instructed, on the theory that there was evidence sufficient to warrant a finding that a principal debtor had ratified the application of certain money to an unsecured open account, that, if the jury should find that such principal debtor had paid $100 on said note sued on with knowledge that said other money had been applied to the payment of the unsecured account, he ratified it, and they should find against him, and in another place instructed that, if they should find against the principal debtor, they should find against his guarantors except as thereafter charged, and there was no charge as to ratification by them, a requested charge, that the payment of such $100 by the principal debtor should not be considered as evidence against the guarantors if they had no knowledge of such payment or did not assent thereto, should have been given, since where one person has guaranteed the payment of a debt of another, acts of the principal debtor, committed after the guaranty, not participated in or ratified by the guarantor, do not bind him.

[Ed. Note.—For other cases. see Evidence. Cent. Dig. §§ 976–982; Dec. Dig. § 250;* Guardian and Ward, Cent. Dig. § 104; Dec. Dig. § 92.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by W. F. Humphrey and others against the Ball-Carden Company and others. Judgment for plaintiffs, and defendants appeal. Reversed.

C. F. Greenwood and B. B. Hemphill, both of Dallas, for appellants. Burgess, Burgess & Chrestman, of Dallas, for appellees.

TALBOT, J. This is the second appeal of this case. The former appeal is reported in 138 S. W. 1111, the style of the case there being Griffin et al. v. Humphrey, and to which reference is made for a statement of the nature of the suit. No material change seems to have been made in the pleadings, since the reversal on the former appeal, and a jury trial on March 25, 1912, again resulted in a verdict and judgment in favor of the plaintiff Humphrey.

There are a number of assignments of er-

ror presented by the appellant, but we have reached the conclusion that the only material error committed upon the trial is that disclosed by the seventh assignment and the propositions advanced thereunder. This assignment complains of the court's refusal to give appellant's requested special charge No. 3, which is as follows: "If you find from the evidence that the defendant C. E. Griffin upon some occasion paid the plaintiff the sum of $100 in cash, and that the plaintiff applied the same as a credit on the note involved in this suit, then you cannot consider said transaction as any evidence against the defendant Ball-Carden Company or against George A. Carden, unless you should believe from the evidence that said last-named defendants had knowledge at the time of said transaction and assented to the same. If you find from the evidence that they did not have any such knowledge or did not assent to the same, then such evidence as to the payment of said $100 cannot be considered by you against the said last-named defendants." The propositions are: (1) That, where one person has guaranteed the payment of a debt of another, acts of the principal debtor, committed after the guaranty, not participated in or ratified by the guarantor, do not bind the guarantor; (2) an issue raised in plaintiff's pleadings, which finds no support in the evidence as to some of the defendants, should be excluded from the consideration of the jury as to the defendants mentioned, when the court is seasonably and properly requested to do so; (3) when evidence is not admissible as to one of two defendants, and defendant against whom it is not admissible duly objects thereto prior to its admission, the court, having admitted such evidence over the objection, should direct the jury, when seasonably and properly requested by such objecting defendant, not to consider such evidence as to the defendant last referred to; (4) the special charge quoted in the foregoing assignment of error stated a correct proposition of law directly applicable to the pleadings and evidence in the case, separating the questions of fact from the questions of law, and was explanatory of the court's charge, which was defective in such respect, and the court erred in refusing the same. There was evidence to the effect that the defendant C. E. Griffin, the principal obligor on the note sued on, with knowledge that the plaintiff had applied the amount collected by him on the O'Laughlin duebill to the payment of the unsecured indebtedness owed by Griffin, paid $100 to be credited on said note and promised to pay the balance as soon as he could realize on some contracts he had for the construction of roads in Dallas county.

Upon the theory that this testimony was sufficient to warrant a finding by the jury that C. E. Griffin had ratified the application by the plaintiff of money collected on the O'Laughlin duebill, the court instructed the jury at the instance of plaintiff that, if they should find from the evidence that defendant C. E. Griffin, after the application of the O'Laughlin money, with knowledge that said money had been applied to the payment of the unsecured open account, paid $100 on said note sued on, then he (Griffin) ratified the action of said Humphrey in the application of said O'Laughlin money, and in that event to find for plaintiff against the defendant Griffin. In the main charge the court instructed the jury that, if they should find against the defendant Griffin, then they should find in favor of the plaintiff and against the defendants Ball-Carden Company and George A. Carden, for such sum as they found in plaintiff's favor against Griffin, unless they should find in favor of Ball-Carden Company and George A. Carden as thereafter charged. The only charge authorizing a verdict in favor of Ball-Carden Company and George A. Carden is to the effect that such verdict should be rendered if plaintiff received the O'Laughlin duebill in pursuance to an agreement with Griffin and Carden or either of them that plaintiff should apply the proceeds of said duebill, when collected, to the payment of the note sued on, or a demand or request for such application was made by Griffin or Carden when plaintiff received it for collection. In view of that portion of the court's general charge referred to and the special charge given at the plaintiff's request, we think the special charge requested by the defendants and refused should have been given. The evidence is contradictory as to the payment of the $100 by Griffin to be applied as a payment on the note in suit, and is undisputed that the defendants Ball-Carden Company and George A. Carden had no knowledge of such payment, if so made, until long afterwards, and did not participate in it, or by word or act, after hearing of it, sanction or approve of its application. In other words, the uncontroverted evidence is that neither Ball-Carden Company nor George A. Carden ratified the application made by appellee of the proceeds of the O'Laughlin duebill, and the court's charge authorizing a verdict against them in the event Griffin ratified such application was error. It is doubtless true that the trial judge did not intend to so instruct the jury; but that such was the effect of his instructions, when taken as a whole, cannot be escaped. Ratification by Griffin of the application of proceeds of the O'Laughlin duebill to the payment of any indebtedness due by him to plaintiff other than that evidenced by the note sued on was not, under the evidence offered, a ratification of either Ball-Carden Company or of George A. Carden. The issue as to whether or not it was agreed and understood between the parties when the O'Laughlin duebill was delivered to plaintiff that he should collect the same and apply the

money to the payment of the note sued on was sharply drawn, and the evidence was sufficient to warrant a finding that defendant Griffin had ratified the application made by plaintiff of this money; but it was not such as to authorize a finding that the other defendants had also ratified such application, and yet by the court's charge the jury, were told, in effect, that a ratification by Griffin was a ratification by said defendants, and in such case to find for plaintiff against all of the defendants. They were nowhere instructed to find for appellants Ball-Carden Company and George A. Carden, in the event they found against the defendant Griffin solely on the issue of ratification.

The special charge under consideration was evidently presented with the view of correcting the error in the court's instructions and preventing a verdict against appellants upon the theory that defendant C. E. Griffin had ratified the application made by appellee of the money collected on the O'Laughlin duebill and that such ratification was binding on appellants. It is clear that such would have been the effect of said special charge, had it been given, and it cannot reasonably be said that the failure to give it resulted in no injury to appellants. Without some such instruction the special charge given at the request of appellee, to which we have referred, considered in connection with the paragraph of the general charge telling the jury that, if they should find against Griffin, to also find against Ball-Carden Company and George A. Carden, was highly calculated to mislead the jury and cause them to return a verdict against appellants solely upon the plea and issue of ratification on the part of Griffin. The jury returned a general verdict, and it is impossible to tell whether they based it upon the issue of ratification made by the appellees' pleadings and proof, or upon some other material issue in the case.

But it is contended by appellees that all the issues raised on this appeal were raised and decided against appellants on the former appeal. In this contention we do not concur. The refusal of a special charge similar to the one here under consideration, if asked on the former trial, was not assigned as error on the former appeal, and the only proposition then urged under the assignment complaining of appellees' special charge No. 3, quoted above, and which was given on the former trial, was that there was "no pleading or evidence to support a finding that the defendant Griffin had ratified the application of the proceeds of said O'Laughlin duebill to the payment of the Evangeline Oil Company's $568 account." The assignment we are now considering presents very different questions. It complains of the refusal to give the special charge requested to avoid injury to appellants by reason of the erroneous instructions given by the trial court, and asserts a correct proposition of law in support of said special charge that, where one person has guaranteed the payment of a debt of another, acts of the principal debtor, committed after the guaranty, not participated in or ratified by the guarantor, do not bind the guarantor. No such contention as that the pleadings and evidence did not warrant the submission of the issue of ratification, etc., is made, as was done, and which was not sustained by the record, on the former appeal.

The protraction of this litigation is to be regretted, but being convinced that material error has been committed in the trial of the case, in the giving of the charges referred to, and the refusal of the special charge requested by appellants above set out, it becomes our duty to reverse and remand the case for a new trial, and it is, accordingly, so ordered.