COHEN v. HURWITZ et al.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

1. EVIDENCE (§ 250*)—REMEDY OF GUARANTORS—EVIDENCE—ADMISSIONS OF PRINCIPAL DEBTOR.

In an action upon a written guaranty of bills for merchandise, written admissions by the principal debtor of the sale of the goods are not binding upon the guarantors.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 976–982; Dec. Dig. § 250.*]

2. GUARANTY (§ 49*)—RELEASE BY SUBSEQUENT AGREEMENT—EVIDENCE.

Evidence held not sufficient to show that a guaranty, revocable only in writing, had been released by a subsequent agreement.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 60; Dec. Dig. § 49.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Abraham Cohen against Nathan Hurwitz and another. Judgment for the defendants, and plaintiff appeals. Reversed, and new trial ordered.

See, also, 127 N. Y. Supp. 341.

Argued May term, 1913, before LEHMAN, BIJUR, and WHIT-AKER, JJ.

Morris & Samuel Meyers, of New York City (Morris Meyers and Herman Druck, both of New York City, of counsel), for appellant.

Louis B. Brodsky, of New York City, for respondents.

LEHMAN, J. [1] The plaintiff sues upon a written guaranty, whereby the defendants guaranteed the bills for merchandise of their brother-in-law, Meyer Goldstein. The guaranty was a continuing guaranty, limited to $600, and contained a clause that it was "revocable

only in writing." The plaintiff showed the sale and delivery of the goods by written admissions on the part of the principal debtor. This evidence was not binding on the defendants; but, since the trial justice has given judgment for the defendants on the merits, the error is not of importance.

[2] The defendants claim that in November, 1909, they had a telephone conversation with the plaintiff, in which they agreed to indorse the principal debtor's notes for the sum of $672 in payment of the account between the plaintiff and the principal debtor, and that thereupon the plaintiff agreed to return the guaranty. The defendants did indorse the notes, but they never received the guaranty from the plaintiff. They claim that they paid all the notes, except the last note for $100, and they offered to pay that note, tendering a certified check, provided the guaranty was returned. The plaintiff absolutely denies that he ever agreed to return the guaranty. He claims that the notes for $672 were given in the ordinary course of business, and that nothing was ever said about a revocation of the guaranty, and that, when he demanded payment of the balance of the account by letter dated March 8th, the defendants did not deny liability, but merely refused to pay more than 50 per cent. of the account, because they had derived no profit from it.

While this court should not lightly disturb a finding of fact by the court below, there are some circumstances connected with the defendants' story that seem to me so improbable that I believe, in the interests of justice, there should be a new trial, where, perhaps, the true facts can be more satisfactorily elicited. It seems most improbable that the defendants should not only give their notes upon a promise by the plaintiff to return the guaranty, but should pay all but one without receiving back the guaranty, especially when that guaranty provided that it was revocable only in writing. In this connection, also, it is fair to point out that the plaintiff claims that the notes were paid by the principal debtor, and not by the defendants, and the defendants fail to produce the checks by which they claim they paid the notes. The defendants also claim that they do not remember that they received the letter, dated March 8th, demanding the payment of the principal debtor's account before they demanded return of the guaranty as a condition for the payment of the last note; yet they admit that they made this demand after consulting with counsel. Moreover, they fail to produce as a witness the principal debtor, their brother-in-law, claiming that they do not know his address; but they are very vague as to when and how an estrangement between them arose. It may be that upon a new trial the defendants would be able to explain these matters more satisfactorily, and corroborate their story, either by the production of the checks, or by the testimony of the principal debtor; but I cannot feel that upon this record they have established their defense.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.