## COON et al. v. BOSTON INSURANCE CO.

No. 9548—Opinion Filed April 27, 1920.

Rehearing Denied Nov. 16, 1920.

(Syllabus by the Court.)

1. **Evidence—Declarations of Agent—Principal and Surety—Res Gestae.**

Declarations of an agent, while acting within the scope of his authority, are admissible against the principal. And when made so as to constitute a part of the res gestae are admissible against the sureties on the principal's bond given for faithful performance of his duties.

2. **Evidence—Judicial Notice—Methods of Bookkeeping—Insurance.**

This court will not take judicial notice of the particular method of keeping books and records in the office of an insurance agent.

Error from District Court, Pittsburg County; W. C. Crow, Judge.

Action by the Boston Insurance Company on a bond executed by Clyde Coon, as principal, and Kent V. Gay and C. S. Arnold, as sureties. Judgment for plaintiff, and defendants bring error. Affirmed.

Kent V. Gay, for plaintiffs in error.

Robt. N. McMillan, for defendant in error.

OWEN, C. J. Clyde Coon was the agent of the Boston Insurance Company, and this action was on his bond executed for the faithful performance of his duties as such agent. It was alleged Coon had failed to pay to the insurance company the sum of $302.31, collected as such agent. To reverse the judgment, it is urged the evidence was not sufficient to support same or to prove that Coon had, in fact, collected the money. The proof consisted of monthly statements covering the business transactions for the particular month and showing the balance due the company after Coon's commission had been deducted. It is urged these statements were not competent, either against the principal or the sureties on the bond. Under the terms of the bond, Coon was required to make these statements, and his clerk, who made them out and transmitted them to the company, testified to their correctness, and that the making of said reports was a part of her regular duties. The general rule is that declarations of an agent, while acting within the scope of his authority, are admissible against the principal. Oklahoma State Bank v. Airington, 68 Oklahoma, 172 Pac. 462; Chicago, R. I. & P. R. Co. v. Jackson, 63 Oklahoma, 162 Pac. 823; Henderson v. Coleman (Wyo) 115 Pac. 439; 16 Cyc. 1003; 10 R. C. L. 989.

These statements, having been made by Coon's clerk in the regular course of her duties, under the provisions of the bond requiring same, and while Coon was acting as such agent, must be treated as part of the res gestae, and, therefore, admissible against the sureties. Dietrich v. Dr. Koch Veg. Tea Co., 56 Okla. 636, 156 Pac. 188; Cook Co. Liq. Co. v. Brown, 31 Okla. 614, 122 Pac. 167; Knott v. Peterson, 125 Iowa 404, 101 N. W 173; Lee v Brown, 21 Kan. 458; Blair v. Perpetual Ins. Co., 10 Mo. 559, 47 Am. Dec. 129.

It is also urged that this court should take judicial notice of the custom of insurance agents to make reports of the business to their companies, and that such reports are treated as mere statements of policies written, and not statements of liability.

Counsel has not called our attention to any authority supporting this contention, and we know of no authority under which we should take judicial notice of the particular method of keeping books and records in the office of an insurance agent. The statements purported to show the balance due the company, and, in the absence of evidence to the contrary, must be held to support the judgment.

Therefore, the judgment of the trial court is affirmed.

KANE, HARRISON, JOHNSON, and BAILEY, JJ., concur.