JOHN T. STANLEY Co., INC., Plaintiff, *v.* NATIONAL SURETY CORPORATION, Defendant.

Supreme Court, Trial Term, New York County, January 14, 1943.

*Hyman N. Glickstein* for plaintiff.

*Max L. Rothenberg* for defendant.

CHURCH, J.  This action has been brought by the plaintiff as assignee of McGinniss Exposition Restaurant, Inc., to recover the sum of $9,663.50 claimed to be due under the provisions of a bond furnished by the defendant surety company.

Plaintiff's assignor operated a restaurant at the New York World's Fair during the season of 1940, opening the restaurant about May 11th of that year.

The bond in suit, known as a blanket fidelity bond, was issued by the defendant to indemnify the restaurant corporation against " any loss of money or other personal property  *  *  * belonging to the Insured or in which the Insured has a pecuniary interest  *  *  *  which the Insured shall sustain, to an amount not exceeding in the aggregate the sum of $10,000.00, through larceny, theft, embezzlement, forgery, misappropriation, wrongful abstraction, wilful misapplication, or other fraudulent or dishonest act or acts committed by any one or more of the employees  *  *  *  acting directly or in collusion with others  *  *  *." "

Shortly after the opening of the restaurant the management suspected that food or money or both were being taken by some of the employees.  Investigation indicated that the waiters and food checkers were acting in concert.  The waiter was required to obtain the food in the kitchen after it had been ordered by the customer.  He was then required, before serving the food to the customer, to pass a checker, who, in turn, was required to stamp on a check the price of each item of food on the waiter's tray.  The check was then handed to the waiter, who, in turn, was required to add up the various amounts, total the check, present it to the customer, receive the money from the customer, and turn the money over to the cashier.

During the period when the alleged losses occurred, the waiters are alleged to have passed the checkers without having the checks stamped or without having them stamped correctly.

Methods of wrongful abstraction alleged to have been used were that a waiter would receive money from a customer without the presentation of a check, or on presentation of an improper check, and would then pocket the proceeds, or part of the proceeds, which should have been, but were not, turned in to the cashier, the waiter dividing the money thus taken with the checker.

The management of the restaurant, confident that their suspicions were well-founded, questioned one of the food checkers on the night of July 4, 1940, and obtained from him a so-called signed confession. On the same date, similarly signed statements were obtained from other employees charged with being implicated in the scheme.

No criminal charges have been made against the employees who signed the alleged confessions, or against any other employee. No employee had been made a defendant in this action.

The attorneys for both plaintiff and defendant are in accord that the alleged confessions obtained on July 4th are inadmissible against the surety company, unless these statements by the employees who were the principals under the bond constitute a part of the *res gestae.*

The rule is too well-established to require protracted discussion that the declarations of the principal made during the transaction of the business for which the surety is bound, so as to become part of the *res gestae,* are competent evidence against the surety; but his declarations subsequently made are not competent. The surety is considered bound only for the actual conduct of the party, and not for whatever he might say he had done. (*Hatch* v. *Elkins,* 65 N. Y. 489, and authorities cited therein; *Strobel & Wilken Co.* v. *Wiesen,* 144 App. Div. 149.) To be admissible against the surety the declarations of the principal must be in the nature of original and not of hearsay evidence. They must constitute the fact to be proved, and must not be the mere admission of some other fact. They must be made not only during the continuance of the relationship, but in regard to a transaction depending at the very time they are made. (*Luby* v. *Hudson River Railroad Co.,* 17 N. Y. 131, and authorities cited therein; *Buffalo Loan, Trust & Safe Deposit Co.* v. *Knights Templar & Masonic Mutual Aid Assn.,* 126 N. Y. 450.)

The fact to be established in this case is the taking of money or property by a principal, that is, by an employee covered by the bond. What was done or said in the course of the performance of required duties during the checking and service of the

food or the receipt of money in payment therefor might well be proved, but not representations or declarations made subsequently by a checker or waiter as to what he had done, even though the representations or declarations had been made within an hour after the money or food was taken. (*Thallhimer* v. *Brinckerhoff*, 4 Wend. 394, 398.) The confessions offered in this case were not contemporaneous with the taking of the property or money and are not so connected with the taking as to be considered a part of the transaction conducted by the checker or the waiter as a part of his duties. They are not admissible against the defendant surety company as a part of the *res gestae*. (*Marcus* v. *Fidelity & Deposit Co.*, 164 App. Div. 859.) The authorities cited by the plaintiff on this point, from foreign jurisdictions for the most part, do not state a contrary rule. In each case the statement of the principal, if accorded probative force, was made during and as a part of the transaction of the business for which the surety was bound.

The bond further provides that it shall be deemed cancelled as to any employee " immediately upon discovery by the Insured * * * of any fraudulent or dishonest act on the part of such Employee." Any statement made by an employee after the discovery of a theft by him could, therefore, not be made in the performance of a transaction covered by the bond of the defendant.

The so-called confessions and all evidence with reference to the circumstances immediately surrounding the signing of the statements are accordingly stricken from the record with an appropriate exception to the plaintiff.

In addition to the amounts which these employees allegedly admitted taking, the plaintiff has attempted to prove that the loss sustained and covered by the bond amounted to at least the sum sought to be recovered in this action. This proof consists, in part, of the books and records of the restaurant corporation which, it is claimed, show the amount of money which should have been turned in, based upon the amount of food which is alleged to have been sold during the period in question. The attempted analysis of the books of the restaurant falls short of the required amount of proof to sustain the burden placed upon the plaintiff to establish the amount of any loss covered by the bond written by the defendant.

Judgment on the law and the facts is accordingly given in favor of the defendant and the complaint is dismissed on the merits with appropriate exception to the plaintiff. The plaintiff is given a thirty days' stay of execution and sixty days to make, serve and file a case on appeal.