## CONTINENTAL CASUALTY CO. v. DERRICK.

No. 27450.  Jan. 24, 1939.

M. C. Rodolph, Joe B. Houston, and Parke Davis, for plaintiff in error.

Hamilton & Clendinning and Wayne C. Evans, for defendant in error.

GIBSON, J. This appeal comes from the court of common pleas of Tulsa county. The action is one to recover damages for fraud allegedly practiced upon plaintiff below by the agents of defendant in the procurement of a release and settlement of accrued and accruing claims of the plaintiff under a policy of accident insurance. Verdict and judgment were for plaintiff, and defendant has appealed. The parties are designated herein as they appeared at the trial.

Defendant denied the fraud and denied the agency relationship, and as an additional defense pleaded res judicata, or retraxit, as a bar.

While the policy was in force plaintiff received an injury resulting in total disability which entitled him to payments of $75 per month under the policy during such disability. After making a number of monthly remittances the defendant discontinued payments, and thereafter the plaintiff commenced an action to recover the payments then accrued and unpaid. Pursuant to negotiations with certain adjusting agents of defendant; the plaintiff dismissed said action with prejudice and released all further claims under the policy.

Plaintiff asserts that the aforesaid dismissal and release were executed by him as a result of misrepresentations made to him by certain physicians who had been employed by defendant to examine him. In this connection it is alleged that said physicians falsely represented to plaintiff that his injuries would prove of short duration and of minor consequence, all of which, he says, induced him to dismiss with prejudice his former action and to release defendant from further liability on the policy upon payment or settlement of the sums then due.

On this appeal we are asked to determine but two questions: First, whether the dismissal by plaintiff of the former action with prejudice constitutes a bar to the present action; and, second, whether the evidence was sufficient to support the jury's finding of agency relationship between defendant and the aforesaid physicians. Concededly there was sufficient evidence on the issue of fraud to go to the jury, which found in favor of plaintiff. Discussion of that issue is, therefore, unnecessary.

Assuming, but not deciding, that the aforesaid dismissal with prejudice constituted a retraxit (see Amos v. Johnston, 162 Okla. 115, 19 P.2d 344), and therefore a bar to further litigation of the same issues, and equivalent to res judicata (18 C. J. 1148, sec. 4), the same could be an adjudication of, and amount to, estoppel only as to those matters offered and received, or that could with propriety have been received to sustain plaintiff's cause. 34 C. J. 818, sec. 1236. Here some of the necessary elements of estoppel by judgment or retraxit are wanting. In the former suit plaintiff sought recovery of indemnities then accrued. Here he seeks to recover damages not there in litigation. That suit did not involve future payments; such payments were not in litigation and could not have been considered. Neither is there an identity of causes of action. There the action was to recover contractual benefits already accrued; here the action is for fraud resulting in loss of future benefits. The fraud relied upon is that which induced the settlement not only for the past due installments involved in the former suit, but also for all future installments not there recoverable. The dismissal of the action was only one of the resulting incidents of the settlement and one of the means of damage to the plaintiff. (For elements of estoppel in such case see Crowe v. Warnarkee, 114 Okla. 153, 244 P. 744.)

We therefore hold that the foregoing circumstances were not sufficient to work estoppel against plaintiff in the instant case.

Defendant says there was no competent evidence to support a finding of the relation-

ship of principal and agent existing between defendant and the above-mentioned physicians, and therefore its motion for an instructed verdict should have been sustained.

The declarations of two insurance adjusters, agents of defendant, made to plaintiff to the effect that one of said physicians was acting for defendant in the examination of plaintiff at the time the physician made his alleged misrepresentations, were received as proof of the agency relationship between defendant and said physician. These admissions, testified to by plaintiff, were made during the course of negotiations for settlement of the controversy resulting in the dismissal and release aforesaid. These declarations of the agents were clearly made within the scope of their authority as adjusters while attempting to settle with plaintiff. The declarations of an agent within the scope of his authority and while in the exercise thereof are binding upon his principal. Coon v. Boston Insurance Co., 79 Okla. 296, 192 P. 1092. Such admissions are chargeable to the principal and constitute substantive evidence of the fact of agency, and therefore sufficient to sustain a finding thereof.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and HURST, J., absent.