## BERTOLINI BROS Co v MAY

Ohio Appeals, 7th Dist, Mahoning Co
Decided October 25, 1929

**POLLOCK, J.**

There are many authorities cited by the defendants below which they claim sustain their contention that these are not statements of account. We do not care to review those authorities. We think that the general principle that controls is very clearly stated in **Sturgell v. Grand Union Tea Co., 13 App., 240:**

We have this statement made by defendants and according to May given to him and he accepted it. That would make, under the authorities, an account stated, and it could not be attacked unless on account of a mistake or fraud. Of course Bertolini Brothers deny this statement being given by them as an account stated, and Modarelli tends to support that, but we have these accounts which they do not deny were made out either by themselves or their bookkeeper, and on each of them is endorsed the following:

"The above amount is the real balance due Mr. R. C. May for bonus for the year 1925. This amount to be paid to Mr. May or Mrs. May as soon as possible."

Mr. May was at that time in poor health, possibily thought he might not survive very long, and he gives that as a reason for the endorsement in this way, to be paid to Mr. May or Mrs. May, and also as the reason for being so insistent that the claim be paid. We think this tends to support Mr. May's claim very strongly. It is not likely the bookkeeper would make such endorsement on the papers as this is unless she was instructed by the Bertolini's to so make it, and in addition to that they can not give any good reason for all these meetings if they had not given out this statement. They claim they want to pay what is due him, claim in the trial they want to pay him. If that is true we see no necessity for these meetings in Modarelli's office. All they had to do was to go to the books with May and make out the account. That is all that was necessary to be done, and yet it continued for some months. We think the facts in this case as appear by the testimony and statements, clearly sustained the verdict and should be affirmed. Exceptions.

Roberts and Farr, JJ., concur.