LICHTER ET AL., D. B. A. SOUTHERN FIREPROOFING CO., APPELLANTS, *v.* S. T. KENYON & CO., INC., ET AL., APPELLEES.

(No. 646—Decided May 15, 1956.)

*Mr. Paul W. Steer,* for appellants.
*Mr. Cyrus P. Kahl,* for appellees.

COLLIER, J.  This case was instituted in the Common Pleas Court of Scioto County by the plaintiffs, Jacob Lichter and Jennie L. Lichter, partners, doing business under the firm name of Southern Fireproofing Company, a partnership, against the defendants, S. T. Kenyon & Company, Inc., and the Globe Indemnity Company, seeking a judgment against the defendants

for the balance due the plaintiffs on a contract for labor and material furnished by the plaintiffs in the construction of a hospital in Portsmouth, Ohio. The balance due claimed by the plaintiffs for the materials furnished and the work performed by them under the contract was $10,000, plus interest. A jury was waived, and the cause was submitted to the court, which resulted in a judgment for the plaintiffs against the defendants in the sum of $8,641.94, with 6 per cent interest on $5,000 from July 15, 1953, and 6 per cent interest on $3,641.94 from March 24, 1954. The plaintiffs contend that the judgment should have been for the sum of $10,000, with interest from April 20, 1953, and that the trial court erred in failing to find that an account stated had been agreed upon between the plaintiffs and defendant S. T. Kenyon & Company, Inc., in the amount of $10,000, which would have entitled plaintiffs to a judgment in that amount against both defendants.

The evidence discloses that the defendant S. T. Kenyon & Company, Inc., on May 18, 1951, entered into a written contract with the state of Ohio, Department of Public Works, whereby such defendant agreed to construct, for the state of Ohio, a building known as the Scioto County Receiving Hospital; that such defendant furnished bond as required by statute, with the Globe Indemnity Company as surety; that on August 23, 1951, the plaintiffs and the defendant S. T. Kenyon & Company, Inc., entered into a contract whereby plaintiffs, as subcontractors, agreed to furnish such defendant certain labor and masonry materials in the construction of the hospital for the contract price of $197,000, subject to additions to and deductions from the contract price by reason of any changes agreed upon between the parties during the course of the construction; that the last work performed by the plaintiffs was on March 20, 1953; that the plaintiffs have been paid by such defendant the sum of $187,397.55; and that the plaintiffs claimed the amount of $397.55 for extras in addition to the contract price, leaving a balance due and unpaid of $10,000. The evidence shows also that the S. T. Kenyon & Company, Inc., claimed credit on the account for materials and labor which it claimed were necessary in the completion of the construction by reason of the plaintiffs leaving the job before the masonry work was completed.

In other words, after the completion of the work there was a dispute between the parties as to the correct amount of the balance due on the plaintiffs' contract.

After several attempts to negotiate a settlement, there was a conference on July 7, 1953, between Jacob Lichter, one of the plaintiffs, and Mr. S. T. Kenyon, president and general manager of S. T. Kenyon & Company, Inc., which resulted in payment of the sum of $4,428.49 on the account by such defendant to the plaintiffs; and on that day a letter was written for S. T. Kenyon & Company, Inc., by S. T. Kenyon, to the plaintiffs, as follows:

"We hand you herewith check No. 9809 in amount of $4,428.49 account of contract on Portsmouth Receiving Hospital.

"Entire balance due on this account will be forwarded to you on July 15, but in no case not less than $5,000 will be forwarded on July 15 and balance on or before July 30.

"Very truly yours,
"S. T. Kenyon & Company, Inc.,
"S. T. Kenyon."

Plaintiffs base their claim of an account stated entirely upon this written instrument and on what transpired between Mr. Lichter and Mr. Kenyon at that conference. Plaintiffs' contention is that all prior negotiations to effect a settlement merged into a final agreement on this day and that all parties concerned agreed upon the sum of $10,000 as the correct balance, which precludes the defendant S. T. Kenyon & Company, Inc., from claiming otherwise.

The defendants' contention is that the plaintiffs have no right to base their cause of action on an account stated for the following reasons:

1. That the petition states a cause of action sounding in contract and not on an account stated.

2. That liability arising under a written contract such as the contract in the case at bar is not the subject of an account stated.

3. That the evidence is not sufficient to show that an account stated exists between the parties.

The defendants contend, for the reasons above stated, the plaintiffs' right to recover is confined to their rights under the contract.

An examination of the petition clearly discloses a cause of action based on contract. It is not alleged in the petition that the parties had agreed upon a certain amount as the correct balance due the plaintiffs on the contract, but merely that the contract was entered into, that plaintiffs had performed their part of the contract and that there was an unpaid balance of $10,000 due on the contract. The plaintiffs did not claim an account stated until during trial in the lower court, and then they asked permission to amend the petition, which request was denied by the trial court. We find no error in this ruling of the court under the evidence, which will be reviewed later in this opinion.

We are unable to agree with defendants' second contention that the contract in the instant case is not subject to an action upon an account stated. It appears that such action may be predicated upon any contract involving the relationship of debtor and creditor, in which a definite amount has been agreed upon as the correct balance due on an account. In 1 Corpus Juris Secundum, 699, Section 15, the general rule is stated as follows:

"Generally the nature of the original transaction out of which an account stated grew is immaterial. * * * it is not necessary that it arise out of mercantile transactions * * *."

The next question to be determined is whether the evidence is sufficient to show an account stated. That term is defined in 1 American Jurisprudence, 272, Section 16, as follows:

"* * * An agreement between parties to an account based upon prior transaction between them, with respect to the correctness of the separate items composing the account, and the balance, if any, in favor of the one or the other."

In 1 Ohio Jurisprudence (2d), 191, Section 35, it is stated:

"An account stated properly exists only where accounts have been examined and the balance admitted as the true balance between the parties, without having been paid. An account stated is based upon an assent to its correctness. This assent may be expressed or implied from circumstances."

And, 1 American Jurisprudence, 277, Section 23, reads:

"An account stated presupposes an absolute acknowledgement or admission of a certain sum due, or an adjustment of accounts between the parties, the seeking of a balance, and an assent, expressed or implied, to the correctness of the balance.

If the acknowledgement or admission is qualified, and not absolute, or if there is but an admission that something is due, without specifying how much * * * there is no account stated.''

The evidence shows that when Mr. Kenyon and Mr. Lichter held their conference on July 7, 1953, in an effort to arrive at a correct balance, Mr. Kenyon attempted to contact a Mr. Dick, the superintendent of the S. T. Kenyon & Company in the construction work involved, but was unable to do so and, therefore, accepted the information, facts and figures given by Mr. Lichter as to the completion of the work. Mr. Kenyon said he later learned such facts did not correspond with the actual situation as it existed at that time. Also, in his testimony, the following appears:

''Q. Well, then, as this conference continued, I want to know first of all, whether or not there was any agreement entered into between you and the plaintiff company with respect to any final balance that might be due and owing? A. There was absolutely no agreement as to the amount of any balance * * *.''

If Mr. Kenyon's testimony is to receive any credibility whatsoever, it is obvious that there was no meeting of the minds of the parties resulting from that conference. It is elementary that in order to give an effective assent to an agreement the parties must have had knowledge of the facts which are material to the agreement. Where there has been no actual settlement or adjustment between the parties there can be no account stated.

An examination of the written statement (above quoted) discloses that no definite balance is stated. The testimony of Mr. Lichter and that of Mr. Kenyon being in direct conflict as to what transpired and as to what conclusions were reached at that conference, it was within the province of the trial court to resolve the issues in the case. In such a situation where there is substantial evidence to support the finding and judgment of the trial court a reviewing court will not substitute its judgment for that of the trial court. Likewise, this rule applies to the amount of the judgment rendered in the lower court.

The defendant Globe Indemnity Company, as surety on the bond of the defendant S. T. Kenyon Company, Inc., stands in a different position in an action on an account stated. Plaintiffs do

not claim that the Globe Indemnity Company as surety was a party to the agreement whereby a certain balance was struck and agreed upon. The liability of the surety could be based only upon the bond. The liability of the surety is for the acts of the principal, not its language. In the case of *Sturgell* v. *Grand Union Tea Co.*, 13 Ohio App., 240, it is held, in the third paragraph of the syllabus:

"An account stated between two contracting parties, of their mutual dealings and transactions under a certain contract, is not binding upon the sureties to a bond of one of the contracting parties, conditioned upon the faithful performance of the contract. Such sureties, under a general denial, may introduce evidence to disprove the net amount due as given in the account stated."

Furthermore, an account stated is only prima facie evidence of its correctness and may always be opened for mistake or fraud. This question is well annotated in 75 A. L. R., 1283.

After a careful examination of the entire record, we find no reason to disturb the judgment.

*Judgment affirmed.*

GILLEN, J., concurs.
McCURDY, P. J., not participating.