### Hummer v. Zeller
*[Cite as 6 AOA 43]*

*Case No. 4-89-7*
*Defiance County, (3rd)*
*Decided August 16, 1990*

*John M. Curphey, Attorney at Law, Robinson, Curphey & O'Connell, Ninth Floor, Four Seagate, Toledo, Ohio 43604, for Appellant.*

*Stanley J. Yoder, John Zimmerman, Attorneys at Law, Weaner, Zimmerman, Bacon, Yoder & Hubbard, State Bank & Trust Bldg., Defiance, Ohio 43512, for Appellee.*

BRYANT, J.

This is an appeal from a judgment of the Court of Common Pleas of Defiance County granting Defendant-Appellee's, Melissa Zeller's, motion for summary judgment.

During 1986, Plaintiff-Appellant, Donnal Hummer, was retained as legal counsel by Melissa Zeller to represent her in a divorce action and in an action against her twin brothers and others with regard to her interest in the Zeller Corporation. The present case was commenced by Hummer to recover the unpaid portion of his fee claimed due from Zeller pursuant to their fee agreement.

In consideration for his representation, Ms Zeller agreed to pay Mr. Hummer a fifty thousand dollar retainer fee and ten percent of her recovery on her claim. The essential part of the written contract in dispute is paragraph F:

"In the event you voluntarily enter into a settlement with the Defendants and or dismissal of said Case No. 28025, the fee payable to the law firm of Donnal Hummer shall be formulated on the basis of ten percent of the value of your preferred or Class A common stock but not to exceed Two Hundred Fifty Thousand Dollars ($250,000.00)."

Donnal Hummer settled Melissa Zeller's claim with her consent on September 16, 1986 for the sum of one hundred and fifty thousand dollars paid at closing; twenty-five thousand dollars attorney fees paid at closing, and fifty-four hundred dollars each month for forty-five years beginning September 16, 1986.

On October 23, 1986, Mr. Hummer submitted to Ms. Zeller a summary of her account with him. The statement set forth the total fee amount

due Hummer of two hundred and fifty thousand dollars less nineteen thousand dollars paid by Melissa Zeller and less twenty-five thousand dollars paid by the Zeller Corporation leaving a balance due on the account of two hundred and six thousand dollars. During approximately the next fifteen months, Ms. Zeller paid one hundred and seventy-six thousand five hundred dollars on the account but refused to pay the final installment. On June 24, 1988, Mr. Hummer filed a complaint against Ms. Zeller for she recovery of the remaining forty-eight thousand five hundred dollars due on the account. Ms. Zeller filed an answer and counterclaim on July 14, 1988 alleging Hummer's fraud and breach of fiduciary duty.

On December 12, 1988, Mr. Hummer filed a motion for summary judgment. On January 30, 1989, Ms. Zeller filed a counter motion for summary judgment. In its judgment entry of April 13, 1989, the trial court denied Mr. Hummer's motion for summary judgment and dismissed his complaint with prejudice. The trial court granted Ms. Zeller's motion for summary judgment on her counter claim and ordered Donnal Hummer to refund one hundred and nineteen thousand nine hundred and thirty-three dollars of the fee previously paid by Zellers plus ten percent interest per annum from January 15, 1987. The trial court based the dollar amount of its judgment upon its conclusion that Mr. Hummer's fee of ten percent should have been computed on present dollar value of the settlement and not the total payment over the forty-five year period. The judgment awarded Ms. Zeller was thus the amount the trial court considered Hummer to have overcharged Zeller.

It is from this judgment Mr. Hummer now appeals asserting the following two assignments of error:

*ASSIGNMENT OF ERROR NO. 1*
"THE TRIAL COURT ERRED IN ALLOWING DEFENDANT-APPELLEE A REFUND OF AMOUNTS PAID UNDER A MISTAKEN INTERPRETATION OF THE CONTRACT."

*ASSIGNMENT OF ERROR NO. 2*
"THE TRIAL COURT ERRED IN DISMISS-ING THE COMPLAINT BECAUSE A GENU-INE ISSUE OF FACT EXISTED AS TO WHETHER DEFENDANT-APPELLEE ACQUIESCED IN THE ACCOUNT AND AC-KNOWLEDGED THE ACCOUNT STATED."

This cause of action arises out of a complaint filed by Mr. Hummer against Ms. Zeller alleging

failure to pay an "account stated." "An account stated presupposes an absolute acknowledgment or admission of a certain sum due, or an adjustment of accounts between the parties, the seeking of a balance, and an assent, expressed or implied, to the correctness of the balance." *Lichter v. S.T. Kenyon & Co., Inc.* (1956), 101 Ohio App. 76, 79. "An account stated is an agreed balance of accounts, express or implied. Proper subject matter of an account stated includes services performed under an express or implied agreement to pay for the services rendered." *Vascular Surgery of Northwest Ohio, Inc. v. Jacobs* (March 13, 1987), Lucas App. No. L-87-197 (unreported). "The charges made without appellant questioning the accuracy of such charges and the payments on account of those charges constitutes an account stated." *Wood, et al. v. Horizons Research Laboratories, et al.* (June 25, 1986), Hamilton App. No. C-850612 (unreported). "Once an 'account stated' is established, it is prima facie evidence of its correctness and a party seeking to set it aside must do so on grounds of mistake or fraud and the party so doing has the burden of proving mistake or fraud by clear and convincing evidence." *Gunton Building Specialties, Co. v. G.H. & M. Development & Construction Co.* (March 31, 1981), Stark App. No. 5381 (unreported).

The facts determined by the trial court as set forth above demonstrate the existence and acceptance of an account stated. Mr. Hummer submitted a complete and final bill to Ms. Zeller. Ms. Zeller for approximately fifteen months made substantial payments on the balance due to Mr. Hummer without questioning the amount or the account. Therefore, to rebut the presumption of correctness of the account arising from her acquiescence and payment without objection, Ms. Zeller having alleged must have proven either fraud by Hummer or mistake of the parties concerning the facts upon which their written contract is based.

Mr. Hummer testified in his deposition that he had never heard of present dollar value until he received Ms. Zeller's answer and counterclaim. Ms. Zeller testified in her deposition that she could not recall any misrepresentation made by Mr. Hummer at the time the compensation agreement was made. Nor, could Ms. Zeller recall any representation made by Mr. Hummer that encouraged her to reach a decision concerning the settlement of her case that she would not have otherwise made. Apparently the only thing that Ms. Zeller could recall with any clarity was

her dissatisfaction with the amount of the bill submitted by Mr. Hummer at the conclusion of his representation of her interests. However, Zeller expressed this dissatisfaction only to her brother Robert, never to Hummer. "Once an account stated has been established, it can only be attacked by evidence of mistake or fraud. Whether or not the amount is reasonable becomes irrelevant upon a showing that a stated account exists." *Vascular Surgery of Northwest Ohio, Inc., supra.*

The trial court based its conclusion that the account stated in this case could be defeated by mistake on its finding that:

"There is no doubt that the Plaintiff, who had been practicing law for approximately forty years, knew or should have known that his fee of ten percent should have been based upon the present dollar value of the settlement rather than on the total payment over the 45 year period."

Whether Mr. Hummer knew or should have known about present dollar value is irrelevant in the circumstance. Present dollar value as defined by the trial court was not shown to have been a part of the parties contract and the trial court's estimation that it should have been a part of that contract is insufficient to constitute a mistake of any kind requiring avoidance of the account stated between the parties. The effect of the courts alteration of the parties' demonstrated understanding of the amount of the fee charged is no different than if the court had altered the fee percentage agreed upon or the contingency for payment.

Civ. R. 56(C) sets forth the test for determining motions for summary judgment:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered excePt as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Summary judgment requires that there be no genuine issue as to any *material fact*. "Where an alleged fact... is not a material fact and which, even if proved, would not entitle the plaintiff to recover, such alleged fact is an immaterial fact and not within the meaning of the term 'genuine issue as to any material fact'." *Clark v. Meigs Equipment Co.* (1967), 10 Ohio App. 2d 157, 161.

The factual question as to whether the fee agreement was created under circumstances demonstrating fraud or mistake is material because a determination of fraud or mistake would void the account stated and allow Ms. Zeller to proceed on her counterclaim. The resolution of this factual determination rests upon the credibility and intent of the parties. "Issues of credibility should be determined by the trier of the facts and are not properly within the province of a hearing on a motion for summary judgment." *Duke v. Sanymetal Products Co.* (1972), 31 Ohio App. 2d, 78, syllabus.

Appellant's assignments of error are sustained. For the reasons stated above and upon the authorities cited and discussed, the judgment of the Court of Common Pleas of Defiance County is reversed and remanded for further proceedings.

*Judgment reversed and caused remanded.*

SHAW, P.J., and MILLER, J., concur.